## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**CIVIL ACTION**
**NO. 19-CV-10346-RWZ**

**DANIEL LINDBERG,**
          **Plaintiff,**

**VS.**

**WOODS HOLE, MARTHA'S VINEYARD AND**
**NANTUCKET STEAMSHIP AUTHORITY,**
          **Defendant.**


## DEFENDANT'S ANSWER TO PLAINTIFFS COMPLAINT
## AND DEMAND FOR JURY TRIAL


Now comes the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, in the above-entitled action, by and through its undersigned counsel, Clinton & Muzyka, P.C., and files its Answer to Plaintiff's Complaint as follows:


## GENERAL FACTUAL ALLEGATIONS

1.      The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and, therefore, denies same.

2.      The Defendant admits the allegations contained in Paragraph 2.

3.      The Defendant admits the allegations contained in Paragraph 3.

4.      The Defendant admits the allegations contained in Paragraph 4.

5.      The Defendant admits that on February 26, 2016, the Plaintiff, Daniel Lindberg, was a member of the crew of the M/V EAGLE. The Defendant denies the remainder of the allegations contained in Paragraph 5.

6.      The Defendant admits the allegations contained in Paragraph 6.

7.      The Defendant denies the allegations contained in Paragraph 7.

8.      The Defendant admits the allegations contained in Paragraph 8.

9.      The Defendant admits the allegations contained in Paragraph 9.

10.     The Defendant denies the allegations contained in Paragraph 10.

11.     The Defendant denies the allegations contained in Paragraph 11.

12.     The Defendant denies the allegations contained in Paragraph 12.

## JURISDICTION

13.     The allegations contained in Paragraph 13 are statements of law to which no answer is required of this Defendant.  To the extent and answer is required, the Defendant denies same.

14.     The allegations contained in Paragraph 14 are statements of law to which no answer is required of this Defendant.  To the extent and answer is required, the Defendant denies same.

## COUNT I
## DANIEL LINDBERG VS. WOODS HOLE, MARTHA'S VINEYARD AND NANTUCKET STEAMSHIP AUTHORITY
## (JONES ACT NEGLIGENCE)

15.     Defendant realleges and reaffirms its responses to the allegations contained in Paragraphs 1 through 14, inclusive as though fully set forth herein.

16.     The Defendant denies the allegations contained in Paragraph 16.

17.     The Defendant denies the allegations contained in Paragraph 17.

18.     The allegations contained in Paragraph 18 are statements of law to which no answer is required of this Defendant.  To the extent and answer is required, the Defendant denies same.

WHEREFORE, the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, prays that this Honorable Court dismiss with prejudice Count I of Plaintiff's Complaint together with an award of costs and reasonable attorneys' fees.

## COUNT II
## DANIEL LINDBERG VS. WOODS HOLE, MARTHA'S VINEYARD AND
## NANTUCKET STEAMSHIP AUTHORITY
## (GENERAL MARITIME LAW - UNSEAWORTHINESS)

19.     Defendant realleges and reaffirms its responses to the allegations contained

in Paragraphs 1 through 14, inclusive as though fully set forth herein.

20.     The Defendant denies the allegations contained in Paragraph 20.

21.     The Defendant denies the allegations contained in Paragraph 21.

22.     The allegations contained in Paragraph 22 are statements of law to which no answer is

required of this Defendant.  To the extent and answer is required, the Defendant denies same.

        WHEREFORE, the Defendant, Woods Hole, Martha's Vineyard and Nantucket

Steamship Authority prays that this Honorable Court dismiss with prejudice Count II of

Plaintiff's Complaint together with an award of costs and reasonable attorneys' fees.


## COUNT III
## DANIEL LINDBERG VS. WOODS HOLE, MARTHA'S VINEYARD AND
## NANTUCKET STEAMSHIP AUTHORITY
## (GENERAL MARITIME LAW – MAINTENANCE AND CURE)

23.     Defendant realleges and reaffirms its responses to the allegations contained

in Paragraphs 1 through 14, inclusive as though fully set forth herein.

24.     The Defendant denies the allegations contained in Paragraph 24.

        WHEREFORE, the Defendant, Woods Hole, Martha's Vineyard and Nantucket

Steamship Authority prays that this Honorable Court dismiss with prejudice Count III of

Plaintiff's Complaint together with an award of costs and reasonable attorneys' fees.

## AFFIRMATIVE DEFENSES

Now comes the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, and incorporates the following Affirmative Defenses into each Count of its Answer as more fully appears below.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Defendant says that the Plaintiff's underlying claim presents cause(s) of action which are controlled by the General Maritime Law of the United States.

**AND FURTHER ANSWERING, AND AS A COMPLETE AN SEPARATE DEFENSE**, the Defendant says that the Plaintiff has failed to state a cause of action upon which relief can be granted under all Counts of the Complaint.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Defendant says that if the Plaintiff sustained personal injuries as alleged, which is specifically denied, all or part of the alleged personal injuries claimed are barred by the applicable statute of limitations.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Defendant says that if the Plaintiff sustained personal injuries as alleged, which is specifically denied, it was due to intervening and/or superseding causes for which the Defendant is not responsible.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Defendant says that if the Plaintiff sustained personal injuries as alleged, which is specifically denied, it was due to the action and/or omissions of individuals for whom the Defendant is not legally responsible.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE**

**DEFENSE**, the Defendant says that if the Plaintiff sustained injury as alleged, which is specifically denied, those injuries were the result of an Act of God for which the Defendant is not legally responsible.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE**

**DEFENSE**, the Defendant says that if the Plaintiff was injured as alleged, which is specifically denied, it was due in whole or in part to the Plaintiff's own negligence, intentional actions, and failure to exercise the degree of care, skill, and knowledge in the performance of his work reasonably to be required of Plaintiff's experience and not due to any negligence or fault on the part of the defendant nor any person or persons for whom the Defendant may be legally responsible.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE**

**DEFENSE**, Defendant states that if liability is found in favor of Plaintiff, which is specifically denied, then the damages must be reduced proportionally by the degree of comparative negligence on the part of Plaintiff.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE**

**DEFENSE**, Defendant states that if Plaintiff was injured as alleged, which is specifically denied, said injury resulted in whole or in part from a known, open and obvious condition.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE**

**DEFENSE**, the Defendant says that if the Plaintiff was injured as alleged, which is specifically denied, such injury was without the fault, knowledge, or privity of the defendant; that the damages claimed herein exceed the value of the vessel, including her pending freight; and the Defendant herewith claims benefit of any and all laws and statutes of the United States of

America, including but not limited to, Limitation of Liability of the Defendant, 46 USCA, § 30501 et. seq.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Defendant says that the Plaintiff's claims are barred through waiver and/or estoppel.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Defendant says that the Plaintiff's claims are barred through his failure to mitigate his damages.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Defendant says that the Plaintiff's claims for Maintenance and Cure are barred because all Maintenance and Cure has been satisfied.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, Defendant states that if liability is found in favor of Plaintiff, which is specifically denied, then the damages must be reduced by the amount of Maintenance and Cure previously paid by Defendant.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, Defendant says that Plaintiff's claim for Maintenance and Cure is barred because Plaintiff has reached Maximum Medical Improvement and/or is Fit for Duty.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, Defendant says that Plaintiff's claim for Maintenance and Cure is barred because his claimed ailments are the result of a preexisting condition that he failed to disclose.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE**

**DEFENSE**, Defendant says that Plaintiff's claim for Maintenance and Cure is barred because his injury did not result and/or manifest while in the service of the ship.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE**

**DEFENSE**, the Defendant says it reserves the right to claim any and all additional Affirmative Defenses that may become apparent as discovery progresses.

**WHEREFORE**, the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, prays that the above Complaint be dismissed with prejudice and the Defendant be awarded it attorney's fees and costs and such other relief as the Court deems just and appropriate.

The Defendant claims **TRIAL BY JURY** on all issues so triable raised in Plaintiffs' Complaint, Defendant's Answer, and Affirmative Defenses contained herein with the exception of Limitation of Liability which is unique for the Court's determination.

By its attorney,

**CLINTON & MUZYKA, P.C.**

*"/s/ Robert E. Collins"*
**Thomas J. Muzyka**
**BBO NO: 365540**
**Robert E. Collins**
**BBO NO: 555843**
88 Black Falcon Avenue
Suite 200
Boston, MA 02210
(617) 723-9165
Fax#: (617) 720-3489
Email: rcollins@clinmuzyka.com

## **CERTIFICATE OF SERVICE**

Pursuant to Local Rule 5.2, I hereby certify that the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 3, 2019**.**

*"/s/ Robert E. Collins"*
**Robert E. Collins**